IN THE SUPREME COURT OF THE STATE OF DELAWARE

TERRELL S. MOBLEY, §
§ No. 158, 2023
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID. No. 1906003128 A/B (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: March 24, 2025
Decided: April 25, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

## ORDER

Upon consideration of the parties' briefs, the record below, oral argument, the Superior Court's order on remand, and the parties' supplemental submissions, it appears to the Court that:

(1) A Superior Court jury convicted Terrell Mobley of various firearm charges. After granting the State's motion to declare Mobley a habitual offender, the Superior Court sentenced him to 31 years of Level V incarceration. Mobley appealed his convictions, raising two claims. First, he argued that the Superior Court's preliminary instruction advising the jury that the trial would be conducted

in two parts violated Mobley's right to an impartial jury. We rejected that claim in our order dated December 5, 2024.[1]

(2) Mobley also argued that the State failed to produce impeachment evidence relating to Corporal Leonard Moses, one of Mobley's arresting officers, whose sworn statements in a previous, unrelated case—*State v. Daryus Whittle*—were false and misleading. Before trial, Mobley's counsel requested discovery related to Corporal Moses, and the Superior Court ordered the State to produce certain materials. But based on Corporal Moses's testimony during Mobley's trial and the State's arguments to us on appeal, we were unable to conclude that no *Brady* violation occurred. We therefore remanded the case to the Superior Court for *in camera* review of certain materials.[2]

(3) Specifically, we asked the Superior Court to "conduct an *in camera* review of Corporal Moses's file and any WPD communications relating to Corporal Moses's affidavit or testimony in the Whittle matter."[3] We expressly stated that the trial court could review any additional materials that it deemed appropriate.[4] We asked the court to determine based on its *in camera* review "whether any additional

---

[1] *Mobley v. State*, No. 158, 2023, 2024 WL 5316320 (Del. Dec. 5, 2024) (ORDER), D.I. 62 [hereinafter "D.I. __" refers to the Del. Supr. Ct. Docket number in this case].
[2] *Id.* at *7.
[3] *Id.* at *5–7.
[4] *Id.* at *7 n.52.

evidence should have been disclosed to Mobley and, if so, whether the suppressed evidence was material under *Brady*."[5]

(4)    On remand, the Superior Court ordered the State to produce for inspection: (1) "[t]he Wilmington Police Department (WPD) personnel file of Corporal Leonard Moses"; and (2) "any WPD communications relating to Corporal Moses's affidavit or testimony in *State v. Daryus Whittle* . . . including but not limited to, any communications between the Department of Justice (DOJ) and WPD and/or between the DOJ and Corporal Moses related to placing Corporal Moses on the DOJ's '*Brady* list' or additional training for Corporal Moses."[6]

(5)    The State produced the following materials to the Superior Court: (1) WPD's application to the Delaware Department of Technology and Information (DTI) "requesting any correspondence relevant to the [Superior Court's] Order"; (2) all the emails that DTI produced in response to WPD's application and "substantiated disciplinary files for Corporal Moses"; (3) materials that Corporal Moses produced to WPD in response to its instruction to disclose any communications he had received "relevant to the [Superior Court's] Order"; and (4) Corporal Moses's complete personnel file.[7]

---

[5] *Id.* at *7.
[6] D.I. 65 (Dec. 10, 2024) (Super. Ct. Order for Production).
[7] D.I. 66 (Jan. 29, 2025) (Super. Ct. Order on Remand).

(6) After reviewing the production *in camera*, the Superior Court issued its Order on Remand (the "Order"). In its Order, the court found that the materials the State produced (1) "do not establish any communication between the DOJ and WPD related to [Corporal Moses's] affidavit and testimony in *State v. Daryus Whittle*"; and (2) "do not indicate any communication requiring [Corporal Moses] to be placed on the DOJ's '*Brady* list' or suggest that he undergo additional training."[8] The court concluded that there was "no evidence to suggest that [Corporal Moses] testified untruthfully when he testified that no one from WPD discussed the *Whittle* matter with him."[9]

(7) After the Superior Court issued its Order and this matter was returned to us, we asked both parties to file supplemental submissions addressing the Superior Court's Order. The State urges us to affirm Mobley's convictions. Mobley, on the other hand, contends that the State's production to the Superior Court was inadequate because it only encompassed electronic communications, which must not have fully captured communications between DOJ and WPD. Mobley argues that we should remand this matter a second time for additional production, suggesting that the State should have interviewed or obtained affidavits from trial counsel in the

---

[8] *Id.* at ¶ 6.
[9] *Id.* at ¶ 7.

4

*Whittle* matter and from prosecutors and WPD supervisors who would have been knowledgeable about what happened during and after the "*Brady* Board" meeting.[10]

(8)     Mobley's complaints center on the lack of transparency and apparent inconsistencies in the *Brady* Board's decision making, as well as the fact that Corporal Moses was sufficiently prepared at Mobley's trial to explain away his missteps in *Whittle*.  Having considered the record, we conclude that the Superior Court appropriately exercised its discretion in determining what materials the State should produce.  The court was authorized to request any additional materials it felt were appropriate, and we are confident in the court's process and its conclusions that no additional *Brady* material should have been produced to Mobley.  Although Mobley has identified inconsistencies in Corporal Moses's testimony across a number of cases, Mobley was able to impeach Corporal Moses with those inconsistencies.  Ultimately, it was the jury's province to evaluate Corporal Moses's credibility.  We therefore deny Mobley's *Brady* claim on appeal.

(9)     NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[10] D.I. 70 at 13–15 (Mar. 24, 2025) (Mobley's Supp. Memo. to this Court).